IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH and JUTHAMAT BIRWARI,<br><br>On behalf of Themselves and Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIG MONSTER SUSHI LLC, RUNGRUEANG KAMRAITHONG, JOHN DOE CORP. 1-10, and JOHN DOE 1-10<br><br>Defendants. | Case No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES** |

1. Plaintiffs Joseph and Juthamat Birwari ("Plaintiffs"), on behalf of themselves and those similarly situated, bring this case to recover unpaid wages under the Fair Labor Standards Act and analogous Hawaiian wage and hour law stemming from Defendant's tip theft and failure to pay overtime practices.

2. Defendants Big Monster Sushi LLC ("Big Monster Sushi") and Rungrueang Kamraithong ("Ms. Kramraithong") (collectively, "Defendants") own and operate a Sushi and Thai restaurant known as Big Monster Sushi and Thai and several food trucks on the island of Kauai.

3. Defendants adopted an employment policy that applies to all employees who work

4. Defendant's policy is to (1) retain or misappropriate the tips received by employees ("Tip Policy"), and (2) pay workers their regular rate for hours worked in excess of 40 per workweek ("Overtime Policy").

5. The Defendant's Tip and Overtime policies result in a violation of federal and state wage and hour laws

6. Plaintiffs, on behalf of themselves and all similarly situated individuals, bring this action under 29 U.S.C. § 203(m)(2)(b), 29 U.S.C. § 207, *et seq*., and Haw. Rev. Stat. Ann. § 388-11(a) Hawaii law against Defendant Big Monster LLC and Rungrueang Kamraithong.

7. This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly situated individuals with minimum wages and overtime wages as required by the Fair Labor Standards Act ("FLSA"), Hawaii Minimum Wage Law (Haw. Rev. Stat. Ann. § 387-2), Hawaii Maximum Hours Law Haw. (Rev. Stat. Ann. § 387-3), Hawaii Wage Rate Discrimination Law (Haw. Rev. Stat. Ann. § 387-4) (collectively "Hawaii Wage and Hour Law"), Hawaii Unpaid Wages Law (Haw. Rev. Stat. Ann. §§ 388-6, 10, and 11), and damages under the theory of unjust enrichment.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over Plaintiff's Hawaii law claims under 28 U.S.C. § 1367.

10. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

11. The relevant time period is defined as the maximum statute of limitations allowable under the FLSA, Hawaii Wage and Hour Law, and the theory of unjust enrichment.

## PARTIES

**Plaintiffs**

**Joseph Birwari**

2
**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

12. Plaintiff Joseph Birwari resides in Illinois.

13. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA and Haw. Rev. Stat. Ann. § 387-1.

14. Plaintiff has given written consent to join this action, a copy of which is attached to the Class Action Complaint.

**Juthamat Birwari**

15. Plaintiff Juthamat Birwari resides in Illinois.

16. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA and Haw. Rev. Stat. Ann. § 387-1.

17. Plaintiff has given written consent to join this action, a copy of which is attached to the Class Action Complaint.

**Defendants**

**Big Monster Sushi, LLC**

18. Defendant Big Monster Sushi, LLC owns and operates the restaurant "Big Monster Sushi and Thai" and the food trucks "Sushi & Poke Food Truck Koloa" and "Sushi & Poke Food Truck Lawai."

19. Defendant Big Monster Sushi, LLC had control over Plaintiff and similarly situated employees' working conditions.

20. At all relevant times, Defendant Big Monster Sushi, LLC has shared or co-determined those matters governing the essential terms and conditions of employment for Plaintiffs and similarly situated employees at Defendant Big Monster Sushi's Restaurant and Food Trucks.

21. At all relevant times, Defendant Big Monster Sushi, LLC had and continues to have direct or indirect control over the terms and conditions of Plaintiffs' work and the work of similarly situated employees.

22. At all relevant times, Defendant Big Monster Sushi, LLC possessed the authority to control the terms and conditions of Plaintiffs' employment and the employment of similarly situated employees, and has exercised that authority.

23. Defendant Big Monster Sushi, LLC suffers or permits Plaintiffs and similarly situated employees to work.

24. Defendant Big Monster Sushi, LLC is a domestic limited liability company with its principal place of business in Hawaii.

25. Defendant Big Monster Sushi, LLC was founded, owned, and/or operated by Individual Defendant Rungrueang Kamaraithong.

26. Defendant Big Monster Sushi, LLC has the authority to and does hire and fire employees, supervise and control work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

27. Defendant Big Monster Sushi, LLC has substantial control over Plaintiff and similarly situated employees' working conditions and over unlawful policies and practices as alleged herein.

28. Defendant Big Monster Sushi, LLC directly or indirectly controls the terms and conditions of Plaintiffs' work and the work of similarly situated employees.

29. Defendant Big Monster Sushi, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

30. Defendant Big Monster Sushi, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures related to payment of tips earned and overtime wages.

31. Defendant Big Monster Sushi, LLC is an "employer" of Plaintiffs and similarly situated

employees as that term is defined by the FLSA.

32. Defendant Big Monster Sushi, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

33. Defendant Big Monster Sushi, LLC's gross revenue exceeds $500,000 per year.

**RUNGRUEANG KAMRAITHONG**

34. Rungrueang Kamraithong is the owner of Big Monster Sushi, LLC and owns and operates the restaurant "Big Monster Sushi and Thai" and the food trucks "Sushi & Poke Food Truck Koloa" and "Sushi & Poke Food Truck Lawai."

35. Rungrueang Kamraithong is involved in the operation of Big Monster Sushi, LLC.

36. Through Big Monster Sushi, LLC, Rungrueang Kamraithong owns and operates the restaurant "Big Monster Sushi and Thai" and the food trucks "Sushi & Poke Food Truck Koloa" and "Sushi & Poke Food Truck Lawai."

37. Rungrueang Kamraithong supervised and directed the employment of Plaintiffs and similarly situated employees.

38. Rungrueang Kamraithong is individually liable under the definition of "employer" set forth in the FLSA and Haw. Rev. Stat. Ann. § 387-2 because he owns and operates Big Monster Sushi, LLC, serves as a member of Big Monster Sushi, LLC, ultimately controls significant aspects of entity's day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

39. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had financial control over the operations at Big Monster Sushi, LLC.

40. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has a role in significant aspects of Big Monster Sushi, LLC's day-to-day operations.

41. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had control over Big Monster Sushi, LLC's pay policies.

42. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had power over personnel and payroll decisions at Big Monster Sushi, LLC, including, but not limited to, influence over Plaintiffs' and similarly situated employees' rate of pay.

43. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had the power to hire, fire, and discipline employees, including Plaintiffs and similarly situated employees.

44. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had the power to transfer the assets and liabilities of Big Monster Sushi, LLC.

45. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had the power to declare bankruptcy on behalf of Big Monster Sushi, LLC.

46. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had the power to enter contracts on behalf of Big Monster Sushi, LLC.

47. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong has had the power to close, shut down, and/or sell Big Monster Sushi, LLC.

48. At all relevant times, by virtue of his role as owner of Big Monster Sushi, LLC, Rungrueang Kamraithong had authority over the overall direction of Big Monster Sushi, LLC and was ultimately responsible for their operations.

49. Big Monster Sushi, LLC function for Rungrueang Kamraithong's profit.

50. Rungrueang Kamraithong has influence over how Big Monster Sushi, LLC can run more profitably.

**Doe Corporations 1-10**

51. Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of Defendant's restaurants and food trucks, and qualify as "employers" of Plaintiffs and similarly situated employees as that term is defined by the FLSA and Hawaii wage and hour law.

52. Upon information and belief, Rungrueang Kamraithong owns and/or operates, in whole or in part, a number of other entities that may up part of Defendants' operations.

53. The identities and involvement of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

54. Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiffs and similarly situated employees as that term is defined by the FLSA and Hawaii wage and hour law.

55. Upon information and belief, Rungrueang Kamraithong has entered into co-owner relationships with business partners, and those individuals may qualify as "employers" of Plaintiffs and similarly situated employees as that term is defined by the FLSA and Hawaii wage and hour.

56. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## FACTS
### CLASS-WIDE FACTUAL ALLEGATIONS

57. During all relevant times, Defendants have operated Restaurant in and around Lihue, Hawaii.

58. Plaintiffs and the similarly situated employees they seeks to represent work or worked for Defendants as servers and/or cooks.

59. During some or all of the relevant time period, Defendants violated by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 by unlawfully withholding tips earned by employees working in tipped positions.

60. During some or all of the relevant time period, Defendants forced Plaintiffs and similarly situated employees to share cash tips with other employees, such as managers, who are not eligible to share in a tip pool.

61. During some or all of the relevant time period, Defendants required Plaintiffs and similarly situated employees to work in excess of 40 hours per work week.

62. Despite requiring Plaintiffs to work in excess of 40 hours per workweek, Plaintiffs were not paid one and a half times their hourly rate.

**Plaintiff Joseph Birwari's Experiences**

63. Plaintiff worked for Defendants as a cook during the relevant time period.

64. Plaintiff routinely worked in excess of 40 hours per work week but was not paid overtime at one and a half times his hourly rate for hours worked in excess of 40 hours per work week.

65. Plaintiff was not classified as exempt under either the FLSA or Hawaii Wage and Hour Law.

**Plaintiff Juthamat Birwari's Experiences**

66. Plaintiff worked for Defendants as a server during the relevant time period.

67. Plaintiff routinely worked in excess of 40 hours per work week but was not paid overtime at one and a half times his hourly rate for hours worked in excess of 40 hours per work week.

68. During the course of her duties, Plaintiff earned tips for serving food and drinks to Defendants' customers.

69. Defendants routinely retained tips earned by Plaintiff and/or diverted tips earned by Plaintiff to employees working in non-tipped capacities.

70. Plaintiff was not classified as exempt under either the FLSA or Hawaii Wage and Hour Law.

## COLLECTIVE ACTION ALLEGATIONS

71. Plaintiff brings the First and Second Counts under 29 U.S.C. 216(b) on behalf of himself and a collective consisting of:

> All current and former tipped workers employed by Defendants between August 3, 2020 and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

72. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully failing to properly take a tip credit from the wages of Plaintiff and the FLSA Collective, refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and time- and-one-half overtime pay for hours worked in excess of 40 per workweek, and retaining employee tips. Plaintiff's claims are essentially the same as those of the FLSA Collective.

73. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

74. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

75. Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

76. Defendants are aware or should have been aware that, in order to take a tip credit from

the wage of Plaintiff and the FLSA Collective, the federal law required them to inform Plaintiff and the FLSA Collective of the tip credit provisions of the FLSA, and prohibited them from requiring Plaintiff and the FLSA Collective to share tips with employees who are not engaged in customer service, including the restaurant itself.

77. Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

78. Defendants' unlawful conduct has been widespread, repeated, and consistent.

79. The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

80. The FLSA Collective members are readily identifiable and ascertainable.

81. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

82. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

83. Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former tipped employees employed by Defendants in the State of Hawaii between August 3, 2020 and the date of final judgment in this matter ("Rule 23 Class").

84. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the

Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

85. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

86. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

87. There are more than 40 Rule 23 Class members.

88. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

89. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to properly take a tip credit from their wages.

90. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with Haw. Rev. Stat. Ann. § 387-1 *et seq.*, Haw. Rev. Stat. Ann. § 388-1 *et seq.*, and the doctrine of unjust enrichment.

91. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly,

and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

92. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

93. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

94. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

95. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis,

the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.

96. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

97. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendants paid Plaintiff and the Rule 23 Class time-and-a-half overtime for hours worked in excess of 40 hours per week;

b. Whether Defendants required Plaintiff and the Rule 23 Class to share tips with employees or others who were not permitted to share in a tip pool;

c. Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

d. Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by Haw. Rev. Stat. Ann. § 388-2;

e. Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

f. The nature and extent of class-wide injury and the measure of damages for those injuries;

g. Whether Plaintiff and the Rule 23 Class have conferred a benefit on Defendants, whether Defendants had knowledge of that benefit, and whether it would be unjust for Defendants to retain the benefit without restitution.

98. In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective and Rule 23 Class, Plaintiffs will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE – TIP THEFT
### (FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m)(2)(B), *et seq*.)
### (On Behalf of Plaintiffs and the FLSA Collective)

99. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

100. Plaintiffs and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

101. Defendants violated the FLSA by retaining tips received by Plaintiffs and the FLSA Collective.

13
**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

102. Defendants impermissibly required Plaintiffs and the FLSA Collective to share tips with the restaurant itself.

103. Defendants impermissibly required Plaintiffs and the FLSA Collective to share tips with non-tipped employees.

104. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiffs and the FLSA Collective.

105. Plaintiffs and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

106. As a result of Defendants' violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES
### (FAIR LABOR STANDARDS ACT 29 U.S.C. § 207, *et seq*.)
### (On Behalf of Plaintiffs and the FLSA Collective)

107. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

108. Plaintiffs and the FLSA Collective worked more than forty hours in one or more workweeks.

109. Defendants have failed to pay Plaintiff and the FLSA Collective at one and a half their regular rate for hours worked in excess of 40 per work week.

110. By not paying Plaintiffs and the FLSA Collective proper overtime wages for hours worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

111. As a result of Defendants' willful violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT III

**FAILURE TO PAY MINIMUM WAGES**
**(Haw. Rev. Stat. Ann. § 387-2)**
**(On Behalf of Plaintiffs and the Rule 23 Class)**

112. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

113. Plaintiffs and the Rule 23 Class are non-exempt employees.

114. During all or part of the relevant time period, Defendants have failed to properly claim a tip credit from the wages of Plaintiff and the Rule 23 Class because they have required Plaintiff and the Rule 23 Class to share tips with non-tipped workers or with the restaurant itself.

115. By retaining the tips received by Plaintiff and the Rule 23 Class for their own purposes, Defendants have violated Plaintiff's minimum wage rights.

116. By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Haw. Rev. Stat. Ann. § 387-2.

117. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, costs, and attorneys' fees.

**COUNT IV**
**FAILURE TO PAY OVERTIME WAGES –**
**(Haw. Rev. Stat. Ann. § 387-3)**
**(On Behalf of Plaintiffs and the Rule 23 Class)**

118. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

119. Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

120. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated Haw. Rev. Stat. Ann. § 387-3.

121. In violating Hawaii law, Defendants acted willfully, without a good faith basis and with reckless disregard to Hawaii law.

122. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, costs, liquidated damages, and attorneys'

fees.

## COUNT V
### FAILURE TO PAY WAGES DUE
(Haw. Rev. Stat. Ann. §§ 388-2, 6, 10, and 11)
(On Behalf of Plaintiffs and the Rule 23 Class)

123. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

124. During all relevant times, Defendants were entities covered by Haw. Rev. Stat. Ann. § 388-6, and Plaintiff and the Rule 23 Class were employees within the meaning of Haw. Rev. Stat. Ann. § 388-6 and were not exempt from its protections.

125. Haw. Rev. Stat. Ann. § 388-2(a) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime and tips, at least twice each month, on regular paydays designated in advance by the employer, and payable within seven days after the end of each pay period.

126. Haw. Rev. Stat. Ann. § 388-1 defines "wages" as "compensation for labor or services rendered by an employee . . . and "for the purposes of section 388-6, 'wages' shall include tips or gratuities of any kind."

127. Beginning in May 2020, Defendants have failed to distribute tip income to Plaintiff and the Rule 23 Class in violation of Haw. Rev. Stat. Ann. § 388-6.

128. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to unpaid wages, including liquidated damages, interest, and attorneys' fees.

## COUNT VI
### UNJUST ENRICHMENT
(On Behalf of Plaintiff and the Rule 23 Class)

129. Plaintiffs restates and incorporates the foregoing allegations as if fully rewritten herein.

130. Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants.

131. For example, Defendants retained the tipped workers' online order tips from all times relevant to the present, and have retained all of the tipped workers' tips for their own purposes since May

12, 2020.

132. Defendants retained tips intended for Plaintiff and the Rule 23 class.

133. Defendants also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendants' new compensation policy.

134. Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendants.

135. As described above, Defendants received benefits as a result of retaining tips provided by customers to the Plaintiff and the Rule 23 Class.

136. Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

137. Accordingly, Defendants' retention of these benefits under these circumstances would be unjust.

138. As a result of Defendants having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

139. **WHEREFORE**, Plaintiffs Joseph and Juthamat Birwari pray for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Unpaid minimum wages, overtime pay, unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiffs as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under Haw. Rev. Stat. Ann. §§ 387-2, 3, and 388-6.

F. An award of unpaid minimum wages, overtime wages, and unlawfully retained tips due under Haw. Rev. Stat. Ann. § 388-6.

G. An award of damages under Haw. Rev. Stat. Ann. § 387-12, based on Defendants' failure to pay minimum wages pursuant to Haw. Rev. Stat. Ann. § 387-2.

H. Liquidated damages under Haw. Rev. Stat. Ann. § 387-12(b).

I. An award of the value of the benefits for which Defendants were unjustly enriched.

J. An award of prejudgment and post-judgment interest.

K. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

L. Such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Respectfully submitted,

Dated: 08/3/2023

/s/ Andrew Barna
ANDREW BARNA
Attorney for Plaintiff's
JOSEPH and JUTHAMAT
BIRWARI

18
**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

Andrew Barna (HI Bar # 11739)
**DAYE LAW LLLC**
2200 Main Street, Suit #517
Wailuku, Hawaii 96793
Telephone: (808) 495-8880
ab@hawaiidayelaw.com

Bryan L. Bleichner(MN Bar # 0326689)
Philip J. Krzeski (MN Bar # 0403291)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Joseph M. Lyon (Ohio Bar # 0076050)*
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com

*Counsel for Plaintiffs and the putative class*

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**